NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY NOSEWORTHY, | No. 23-55760 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-01142-JGB-SP |
| v. | |
| LAURA HOPE, SUSAN HARDIE, CHAFFEY COMMUNITY COLLEGE, and DOES 1 through 10, Inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted December 3, 2024
Pasadena, California

Before: SANCHEZ and DE ALBA, Circuit Judges, and ZIPPS,[**] Chief District

Judge.

Kimberly Noseworthy appeals the district court's order granting Defendants

Chaffey Community College District (the "District"), Laura Hope, and Susan

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jennifer G. Zipps, Chief United States District Judge for the District of Arizona, sitting by designation.

Hardie's motion for summary judgment. We review de novo an order granting summary judgment, and we "determine whether, viewing the evidence in the light most favorable to [Noseworthy], there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973, 981-82 (9th Cir. 2022) (citation omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.       Noseworthy alleges that Hope and Hardie took various adverse employment actions in retaliation for her exercise of protected speech. To state a First Amendment retaliation claim, Noseworthy must show in part that "the relevant speech was a substantial or motivating factor in the adverse employment action." *Barone v. City of Springfield*, 902 F.3d 1091, 1098 (9th Cir. 2018) (citation omitted). Even assuming Noseworthy engaged in protected speech and that Hope and Hardie's conduct amounted to an adverse employment action, Noseworthy offers no triable evidence or analysis establishing that her speech was a substantial or motivating factor for their conduct. "A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation . . . ." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001). We agree that Noseworthy has failed to establish a prima facie case for First Amendment retaliation and affirm the grant of summary judgment. *See Dahlia v. Rodriguez*,

735 F.3d 1060, 1067 n.4 (9th Cir. 2013).

2.      Noseworthy similarly fails to establish a genuine dispute of material fact as to her claim that the District discriminated against her because of her age in violation of California's Fair Employment and Housing Act ("FEHA").  *See* Cal. Gov't Code § 12940(a).  To allege a prima facie case of age discrimination, Noseworthy was required in part to "provide evidence" that "suggests [a] discriminatory motive" behind an adverse employment action.  *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000).  Noseworthy provides no evidence suggesting that the District was motivated by her age in taking various alleged adverse employment actions.  She alleges only two age-related incidents in support of her claim.  The first involves the alleged termination of a different employee allegedly because of his age, which is not evidence of discrimination against Noseworthy because of *her* age.  The second involves a supervisor's statement that Noseworthy may have felt upset about a less experienced employee completing Noseworthy's work because Noseworthy "would be retiring soon."  However, Noseworthy admitted that "everybody talks generally about retirement" and that her supervisor did not urge or suggest Noseworthy should retire.  In the absence of any evidence suggesting a discriminatory motive, we affirm the district court's grant of summary judgment.

3.      Noseworthy's third claim alleging that the District failed to prevent

3

discrimination against her in violation of the FEHA, *see* Cal. Gov't Code § 12940(k), is treated by California courts as derivative of a finding of actual discrimination. *See Carter v. Dep't of Veterans Affairs*, 135 P.3d 637, 644 n.4 (Cal. 2006); *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017). Because we conclude that Noseworthy has not alleged a claim for age discrimination, her derivative claim for failure to prevent age discrimination necessarily fails as well. *See Merrick*, 867 F.3d at 1150.

4.   In her fourth claim, Noseworthy alleges that the District retaliated against her because she engaged in protected activity in violation of the FEHA. *See* Cal. Gov't Code § 12940(h). To allege a prima facie case for retaliation, Noseworthy must show that "a causal link existed between the protected activity and the employer's action." *Bailey v. San Francisco Dist. Att'y's Off.*, 552 P.3d 433, 450 (Cal. 2024) (citation omitted). Noseworthy alleges that she engaged in various protected activities but does not present any evidence or develop any analysis establishing a causal connection between an alleged protected activity and a resulting adverse employment action. To the extent she asks us to *infer* a causal link by circumstantial evidence, she fails to meaningfully develop this argument. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ."). We therefore affirm the district court's grant of summary judgment

4

as to her claim of retaliation.

5.      Finally, Noseworthy alleges that Defendants' age-based harassment created a hostile work environment in violation of the FEHA.  *See* Cal. Gov't Code § 12940(j)(1).  To state a claim for harassment under the FEHA, Noseworthy must show that she was harassed severely enough to create a hostile work environment "because she belonged to" a protected group.  *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013).  Noseworthy has not made this showing.  She cites no evidence connecting any alleged adverse employment action to her age and relies on the same two incidents she raised under her second claim, which do not satisfy her burden here for the same reasons expressed above.  Accordingly, we affirm the district court's grant of summary judgment as to this claim.

**AFFIRMED.**